# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| MARIO GARCIA AND | § | |
| ESTELLA GARCIA, | § | |
| | § | |
| *Plaintiffs*, | § | CIVIL ACTION NO.: 1:22-cv-1194 |
| | § | |
| v. | § | |
| | § | |
| ADVANTAGE CREDIT, INC., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT ADVANTAGE CREDIT, INC.'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant Advantage Credit, Inc. ("Advantage Credit" or "Defendant") by and through its undersigned attorneys, answers Mario Garcia and Estella Garcia's ("Plaintiffs") Original Petition as set forth below.

## DISCOVERY LEVEL

1.      Plaintiffs intend to conduct discovery at Level 3 per Tex. R. Civ. P. 190.4 and request the Court enter a docket control order at its earliest convenience.

**ANSWER**:     Paragraph 1 is an introductory statement to which no response is required. To the extent a response is required, Advantage Credit states that this case has since been removed to the Western District of Texas; therefore, the Texas Rules of Civil Procedure no longer apply to this case.

# INTRODUCTION

2.     A consumer's credit report is as much of a permanent record as exists. As such it is of the upmost importance that the entities responsible for maintaining and producing credit reports ensure that they are doing so accurately.

**ANSWER**:     Paragraph 2 is an introductory statement to which no response is required. To the extent a response is required, Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the allegations on that basis.

3.     This need for accuracy is contemplated by the Fair Credit Reporting Act. It requires credit reporting agencies to "follow reasonable procedures to assure the maximum possible accuracy" of the reports it produces.

**ANSWER**:     Paragraph 3 is an introductory statement and states a legal conclusion to which no response is required.  To the extent a response is required, Advantage Credit states that the referenced statute is the best evidence of its own text.

4.     A failure to maintain such procedures can, and in this case, did lead to inaccurate, derogatory information being reported on a consumer.

**ANSWER**:     Advantage Credit denies the allegations in paragraph 4.

5.     Plaintiffs bring this case against Defendant for its violations of the Fair Credit Reporting Act and seek actual damages, punitive damages, statutory damages, reasonable attorney's fees, and costs.

**ANSWER**:     Advantage Credit admits that Plaintiffs purport to state a claim pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  However, Advantage Credit

denies that there is any basis in law or fact for such a claim and denies any remaining allegations in paragraph 5.

## JURISDICTION & VENUE

6.     This Court has jurisdiction of Plaintiff's claims pursuant to 15 U.S.C. § 1681p.

**ANSWER:**     Advantage Credit admits that Plaintiffs purport to raise a claim which constitutes a federal question for purposes of 28 U.S.C. § 1331.  Advantage Credit denies that there is any factual or legal basis for such claims.

7.     Venue is proper in this county as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

**ANSWER:**     Advantage Credit admits that venue is proper in this District, but denies that its actions in this District give rise to any claim or cause of action.

## PARTIES

8.     Plaintiff, Mario Garcia, is a natural person who resides in and has resided in the City of San Marcos, Hays County, Texas at all times relevant to this action.

**ANSWER**:     Advantage Credit admits that Plaintiff Mario Garcia is a natural person and a consumer, as that term is defined at 15 U.S.C. § 1681a(c).  Advantage Credit lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 8, and therefore denies the same.

9.     Plaintiff, Estella Garcia, is a natural person who resides in and has resided in the City of San Marcos, Hays County, Texas at all times relevant to this action.

**ANSWER**:     Advantage Credit admits that Plaintiff Estella Garcia is a natural person and a consumer, as that term is defined at 15 U.S.C. § 1681a(c).  Advantage Credit lacks

sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies the same.

10.     Defendant, Advantage Credit, Incorporated ("Advantage") is a Colorado corporation whose mailing address is 26740 Quartz Valley Road, Evergreen, Colorado 80439. It may be served via Donald J. Unger, its registered agent at 32065 Castle Court, Suite 300, Evergreen, Colorado 80436.

**ANSWER**:     Advantage Credit admits the allegations in paragraph 10.

11.     Advantage, in exchange for a monetary fee regularly engages in whole or in part, in assembling information on consumers, including, but not limited to consumer credit information, for the purpose of furnishing consumer reports to third parties.

**ANSWER**:     Advantage Credit admits that as a consumer reporting agency, as that term is defined at 15 U.S.C. § 1681a(f), and a reseller, as that term is defined at 15 U.S.C. § 1681a(u) it assembles and merges consumer information reported by other consumer reporting agencies, which it then provides to its end-users. Advantage Credit denies any remaining allegations in this paragraph.

12.     Advantage uses email, US mail, and other means of interstate commerce in furnishing these consumer reports.

**ANSWER**:     Advantage Credit admits the allegations in paragraph 12.

13.     Advantage is a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER**:     Advantage Credit admits that it is a consumer reporting agency, as that term is defined at 15 U.S.C. § 1681a(f), and more specifically a reseller, as that term is defined at 15 U.S.C. § 1681a(u).

4

14.     Advantage assembles and merges information contained in databases, including the databases of other consumer reporting agencies for the purpose of furnishing that information to third parties.

**ANSWER**:     Advantage Credit admits that as a reseller, as that term is defined at 15 U.S.C. § 1681a(u), it assembles and merges information contained in databases, including the databases of other consumer reporting agencies for the purpose of furnishing that information to third parties.

15.     Advantage does not maintain a database of the assembled or merged information for the purpose of producing new consumer report.

**ANSWER**:     Advantage Credit admits the allegations in paragraph 15.

16.     Advantage is a reseller as that term is defined by 15 U.S.C. § 1681a(u).

**ANSWER**:     Advantage Credit admits the allegations in paragraph 16.

## FACTS

17.     Mario and Estella Garcia filed Chapter 7 bankruptcy on or about July 21, 2020.

**ANSWER**:     Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

18.     In early 2022 they decided to move to a new home.

**ANSWER**:     Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

19.     At this time the housing market was exceptionally busy.

**ANSWER**: Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

20.     They sold their house in early 2022 and remained in the market to purchase a new home.

**ANSWER**: Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

21.     When they applied for a new mortgage their mortgage broker ordered a credit report from Advantage.

**ANSWER**: Advantage Credit admits that it provided Plaintiffs' consumer reports to its end user, Summit Funding, Inc. ("Summit") in response to Summit's request and certified permissible purpose. Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies the remaining allegations on that basis.

22.     Advantage provided a "tri-merge" credit report that included information from the Big 3 nationwide credit bureaus Experian, Equifax, and TransUnion.

**ANSWER**: Advantage Credit admits the allegations in paragraph 22.

23.     Following the "tri-merge" section the report contained a public records section titled "Civil Court Search Report." This portion of the credit report is broken into subsections, one for Estella and one for Mario.

**ANSWER**:    Advantage Credit admits that Plaintiffs' consumer report contains a section titled "Civil Court Search Report" which contains information regarding both Plaintiffs. Advantage Credit denies any remaining allegations in this paragraph.

24.    A true and correct copy of the public records section of the report, with appropriate redactions, is attached as Exhibit A.

**ANSWER**:   Advantage Credit admits the allegations in paragraph 24.

25.    Starting in about 2015 the Big 3 credit bureaus stopped reporting judgment data citing problems with the data.

**ANSWER**:    Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

### Estella's Public Records Section

26.    Estella Garcia' public records section contains five entries. The first is the bankruptcy, with a file date of July 21, 2020.

**ANSWER**:   Advantage Credit admits the allegations in paragraph 26.

27.    The second entry of her public records section references case number "D19205J11" with a file date of November 21, 2019.

**ANSWER**:   Advantage Credit admits the allegations in paragraph 27.

28.    The reporting on the "D19205J11" suit includes an amount of $2,774.00.

**ANSWER**:   Advantage Credit admits the allegations in paragraph 28.

29.    Further down, the fourth entry on the same page contains case number "D19-205J11" is listed with an amount of $2,708.00.

**ANSWER**:    Advantage Credit admits the allegations in paragraph 29.

4856-4151-7631.1

30. Case number "D19205J11" is the same case as "D19-205J11" the difference is that the second case number contains a hyphen and the first does not.

**ANSWER**: Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the allegations on that basis.

31. Both the "D19205J11" and the "D19-205J11" case were filed by Midland Funding, LLC.

**ANSWER**: Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies the allegations on that basis.

32. The second and forth entries on Estella Garcia's public records section are the same suit.

**ANSWER**: Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the allegations on that basis.

33. Per the Hays County records, Estella has been sued one time by Midland, on June 20, 2019, in case number D19-205J11.

**ANSWER**: Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

34. A true and correct copy of the results of a search of the Hays County civil, family, and probate case records for "Estella Garcia" is attached as Exhibit B.[1]

---

[1] https://public.co.hays.tx.us/Search.aspx?ID=200.

4856-4151-7631.1

**ANSWER**:  Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

35.     Any liability for this judgment was discharged by the bankruptcy.

**ANSWER**:  Paragraph 35 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies these allegations and leaves Plaintiffs to their burden of proof.

36.     This judgment should not appear on Estella' credit report.

**ANSWER**:  Advantage Credit denies the allegations in paragraph 36.

37.     This judgment should not appear twice on her credit report.

**ANSWER**:  Advantage Credit denies the allegations in paragraph 37.

38.     If it is permissible for the judgment to appear on her credit report, it can only be reported one time.

**ANSWER**:  Advantage Credit denies the allegations in paragraph 38.

39.     If it is permissible for the judgment to appear on her credit report, it should not include an amount.

**ANSWER**:  Advantage Credit denies the allegations in paragraph 39.

40.     The information concerning this judgment is incorrect. The case has one file date and one amount of the judgment.

**ANSWER**:  Advantage Credit denies that it reported incorrect information and denies any remaining allegations in paragraph 40.

41.     Advantage's reporting is plainly false.

4856-4151-7631.1

**ANSWER**:  Advantage Credit denies the allegations in paragraph 41.

42.     Anyone familiar with credit reporting would know that this debt was discharged in bankruptcy.

**ANSWER**:  Advantage Credit denies the allegations in paragraph 42.

43.     The third entry on Estella Garcia's public records section contains another judgment with case number "D19281J11", a file date of February 20, 2020, and an amount $2,738.00.

**ANSWER**:  Advantage Credit admits the allegations in paragraph 43.

44.     Per the Hays County records in Exhibit B, this suit was filed on August 5, 2019, not February 20, 2020 as reflected in Advantage's report.

**ANSWER**:  Advantage Credit admits only that the screenshot of Hays County court records in Exhibit B indicates that case number D19-281J11 was filed on August 5, 2019. Advantage Credit denies any remaining allegations in paragraph 44.

45.     The fifth entry on her public records section is a suit filed against Estella P. Garcia.

**ANSWER**:  Advantage Credit admits the allegations in paragraph 45.

46.     A true and correct copy of the result of a search of the Hays County civil, family, and probate case records for "Estella P. Garcia" is attached as Exhibit C.[2]

**ANSWER**:  Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations on that basis.

47.     The Hays County records shows a Portfolio Recovery Associates suit that was filed on January 14, 2020, before the bankruptcy.

---

[2] https://public.co.hays.tx.us/Search.aspx?ID=200.

**ANSWER**:  Advantage Credit admits only that the screenshot of a Register of Action in Exhibit C indicates a filing date for case number D20-027J11 of January 14, 2020. Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the remaining allegations on that basis.

48.     This entry lists a balance of $1,926.00 an amount that Mrs. Garcia does not owe and that has been discharged in her bankruptcy.

**ANSWER**:  Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies these allegations.

49.     Advantage's public records section includes amounts for debts that were discharged in bankruptcy.

**ANSWER**:  Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies these allegations.

*Mario's Public Records Section*

50.     In addition to the bankruptcy, Mario's public records section includes a judgment that predates the bankruptcy.

**ANSWER**:  Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies the allegations on that basis.

4856-4151-7631.1

51.     It reports case number D18087J12 as being filed on August 27, 2018, well before the bankruptcy.

**ANSWER**:  Advantage Credit denies these allegations and leaves Plaintiffs to their burden of proof.

52.     Any liability for this judgment was discharged by the bankruptcy, yet Advantage listed an amount of $2,629.00.

**ANSWER**:  Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit admits only that the entry for case number D18087J12 includes a judgment amount of $2,629.00. Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and therefore denies the remaining allegations on that basis.

53.     Advantage's public records section includes amounts for debts that were discharged in bankruptcy.

**ANSWER**:  Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies the allegations on that basis.

54.     A case with a file date that predates a bankruptcy should not appear on a credit report.

**ANSWER**:  Advantage Credit denies these allegations and leaves Plaintiffs to their burden of proof.

55.     Advantage's public records section concerning Mario Garcia contains facially logical errors.

**ANSWER**:    Advantage Credit denies the allegations in paragraph 55.

*Effects of the Inaccurate Reporting*

56.    Estella and Mario received the credit report in response to a mortgage application. This mortgage application was denied due to the judgments on the Advantage credit report.

**ANSWER**:    Advantage Credit lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 56, and therefore denies the allegations on that basis.

57.    Without the judgments on this report, they would have qualified for the mortgage they were seeking. And they could have reinvested the proceeds of the sale of their home into a new home.

**ANSWER**:    Advantage Credit lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 57, and therefore denies the allegations on that basis.

58.    Now, instead of living in a new home, they are renting an apartment.

**ANSWER**:    Advantage Credit lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 58, and therefore denies the allegations on that basis.

### FIRST CAUSE OF ACTION – WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

59.    Advantage Credit Incorporated is a credit reporting agency.

**ANSWER**:    Advantage Credit admits that it is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f), and more specifically a reseller, as that term is defined at 15 U.S.C. § 1681a(u), and denies any remaining allegations in this paragraph.

60.    Advantage compiled the credit report at issue in this case.

**ANSWER**: Advantage Credit admits only that, as a reseller, as that term is defined at 15 U.S.C. § 1681a(u), it assembled and merged consumer information reported by the nationwide consumer reporting agencies into a tri-merge report and provided the tri-merge report to its end-user. Advantage Credit denies any remaining allegations in paragraph 60.

61. Advantage's credit report contained inaccurate information.

**ANSWER**: Advantage Credit denies the allegations in paragraph 61.

62. If Advantage has reasonable procedures in place to assure the maximum possible accuracy of the information it reported, then its report concerning Frank and Estella Garcia would not have contained the judgment information.

**ANSWER**: Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit denies that it engaged in any erroneous or inaccurate reporting and denies that its procedures were unreasonable.

63. Advantage violated 15 U.S.C. 1681e(b) in that it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER**: Advantage Credit denies the allegations in paragraph 63.

64. Advantage's information is so wildly incorrect it is the result of willful noncompliance with the Fair Credit Reporting Act.

**ANSWER**: Advantage Credit denies the allegations in paragraph 64.

65. Plaintiffs seek relief under 15 U.S.C. 1681n for Advantage's willful failure to assure the integrity of the date it provided concerning the Garcias.

**ANSWER**: Advantage Credit admits only that Plaintiffs purport to state a cause of action pursuant to 15 U.S.C. § 1681n. Advantage Credit denies that willfully violated the FCRA

and denies that Plaintiffs are entitled to the relief requested, or any relief whatsoever, in connection with the claims asserted against Advantage Credit in Plaintiffs' Original Petition.

## SECOND CAUSE OF ACTION – NEGILIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

66.     Advantage Credit Incorporated is a credit reporting agency.

**ANSWER**:    Advantage Credit admits that it is a consumer reporting agency as defined by the FCRA, and more specifically a reseller, as that term is defined at 15 U.S.C. § 1681a(u), and denies any remaining allegations in this paragraph.

67.     Advantage compiled the credit report at issue in the case.

**ANSWER**:    Advantage Credit admits only that, as a reseller, as that term is defined at 15 U.S.C. § 1681a(u), it assembled and merged consumer information reported by the nationwide consumer reporting agencies into a tri-merge report and provided the tri-merge report to its end-user. Advantage Credit denies any remaining allegations in paragraph 67.

68.     Advantage's credit report contained false information.

**ANSWER**:    Advantage Credit denies the allegations in paragraph 68.

69.     If Advantage has reasonable procedures in place to assure the maximum possible accuracy of the information it reported, then its report concerning Frank and Estella Garcia would not have contained the judgment information.

**ANSWER**: Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, Advantage Credit denies that it engaged in any erroneous or inaccurate reporting and denies that its procedures were unreasonable.

70.     Advantage violated 15 U.S.C. 1681e(b) in that it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15

**ANSWER**: Advantage Credit denies the allegations in paragraph 70.

71.     Advantage's information is easily recognized as incorrect it is the result of negligent noncompliance with the Fair Credit Reporting Act.

**ANSWER**:     Advantage Credit denies the allegations in paragraph 71.

72.     Plaintiffs seek relief under 15 U.S.C. 1681o for Advantage's negligent failure to assure the integrity of the data it provided concerning the Garcias.

**ANSWER**:     Advantage Credit denies that it negligently violated the FCRA. Advantage Credit denies that Plaintiffs are entitled to the relief requested, or any relief whatsoever, in connection with the claims asserted against Advantage Credit in Plaintiffs' Original Petition.

## JURY DEMAND

73.     Plaintiff demands this case be tried before a jury.

**ANSWER**:     Plaintiffs' jury demand does not require a response.  To the extent a response is required, Advantage Credit reserves the right to object to the submission of any question or issue to a jury.

## PRAYER FOR RELIEF

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a.  Actual damages per 15 U.S.C. § 1681o(a)(1);

b.  Statutory damages per 15 U.S.C. § 1681n(a)(1)(A);

c.  Punitive damages in an amount the Court will allow per 15 U.S.C. 1681n(a)(2)

d.  Attorney's fees, costs, and litigation expenses per 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

16

**ANSWER**:    Advantage Credit denies that Plaintiffs are entitled to the relief requested, or any relief whatsoever, in connection with the claims asserted against Advantage Credit in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in Plaintiffs' Complaint, Advantage Credit asserts and alleges the following defenses. By alleging the defenses below, Advantage Credit does not in any way agree or concede that Plaintiffs have properly stated any cause of action in their Complaint or that Advantage Credit bears the burden of proof or persuasion with respect to any of its defenses.

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiffs' claims are barred because they have failed to state a claim upon which relief may be granted pursuant to 15 U.S.C. § 1681e(b). Plaintiffs have not alleged that any material information in their consumer reports was inaccurate or misleading.

### Second Affirmative Defense
### (Advantage Credit's Compliance with the FCRA)

Plaintiffs' claims are barred because Advantage Credit has, at all material times with respect to Plaintiffs, complied fully with its obligations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and all applicable laws.

### Third Affirmative Defense
**(No Negligent FCRA Violation)**

Plaintiffs cannot prove negligent failure to comply with the FCRA because they cannot show a causal relationship between the alleged FCRA violation of Advantage Credit and Plaintiffs' claimed harm.

### Fourth Affirmative Defense
**(No Willful FCRA Violation)**

Plaintiffs cannot prove willful failure to comply with the FCRA because they cannot show that Advantage Credit either knowingly or recklessly violated the FCRA.

### Fifth Affirmative Defense
**(Reasonable Procedures)**

Plaintiffs cannot prove that Advantage Credit violated the FCRA because Advantage Credit is subject to the reasonable procedures requirement of 15 U.S.C. § 1681e(b), which was fulfilled.

### Sixth Affirmative Defense
**(Accurate Reporting)**

Plaintiffs cannot prove that Advantage Credit violated the FCRA because Advantage Credit accurately reported information from a source that it reasonably believed to be reliable.

### Seventh Affirmative Defense
**(FCRA Compliance)**

Plaintiffs' claims are barred because at all relevant times Advantage Credit maintained reasonable policies and procedures to ensure compliance with the FCRA.

4856-4151-7631.1

### Eighth Affirmative Defense
### (Intervening Cause)

Any harm suffered by Plaintiffs was caused by Plaintiffs' own acts or omissions or the acts or omissions of third parties over which Advantage Credit has no control or authority.

### Ninth Affirmative Defense
### (No Punitive Damages)

Plaintiffs' request for punitive damages is barred because they have failed to adequately allege that Advantage Credit has the requisite intent or acted with reckless disregard for Plaintiffs' rights, as required to support a claim for punitive damages.

### Tenth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiffs have failed to mitigate their damages, if any.

### Eleventh Affirmative Defense
### (Standing)

Plaintiffs have not suffered any injury-in-fact and, therefore, Plaintiffs lack standing to bring their purported claims and any award would constitute unjust enrichment.

### Reservation of Additional Defenses

Advantage Credit reserves the right to supplement and add affirmative defenses as they become known during the course of this litigation.

### ADVANTAGE CREDIT'S PRAYER FOR RELIEF

**WHEREFORE**, Advantage Credit denies that Plaintiffs are entitled to judgment against it, and specifically denies that it is liable to Plaintiffs in any way. Advantage Credit further requests that the Court enter judgment in Advantage Credit's favor and against Plaintiffs as follows:

4856-4151-7631.1

A.     That Plaintiffs takes nothing by reason of their Original Petition and that judgment be rendered in favor of Advantage Credit;

B.     That Advantage Credit be awarded its costs and attorneys' fees as permitted by law; and

C.     That Advantage Credit be awarded such other and further relief as the Court deems just and proper.


Dated: November 21, 2022


Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Michael R. Rahmn*
      Michael R. Rahmn
      Federal ID No. 1124407
      Texas Bar No. 24074924
      mrahmn@foley.com
      1000 Louisiana Street, Suite 2000
      Houston, Texas 77002
      (713) 276-5500 (Telephone)
      (713) 276-5555 (Facsimile)

**ATTORNEYS FOR ADVANTAGE CREDIT, INC.**

4856-4151-7631.1

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via the Court's ECF system on November 21, 2022.

By: _/s/ Michael R. Rahmn_
          Michael R. Rahmn